IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN DOEs 1-5, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:13CV711 |
| | ) | |
| PAT MCCRORY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

BEATY, District Judge.

This matter is before the Court on a Motion to Proceed Under Fictitious Names [Doc. #5] filed by John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 ("Plaintiffs"). Plaintiffs contend that there is good cause for the Court to allow this action to proceed under fictitious plaintiff names. (Mem. in Support of Mot. to Proceed Under Fictitious Names [Doc. #6].) Defendants do not oppose Plaintiffs' Motion, "provided the Defendants[ ] are provided personal identifying information sufficient to allow appropriate discovery as may be necessary, and that the Court enter an order not inconsistent with Plaintiffs' proposed Protective Order . . . ." (Resp. to Pls.' Mot. to Proceed Under Fictitious Names [Doc. #14].) For the reasons discussed below, the Court will grant Plaintiffs' Motion to Proceed Under Fictitious Names.

I.       FACTUAL BACKGROUND

According to the Complaint [Doc. #1], Plaintiffs are all residents of North Carolina who are required to register as sex offenders under North Carolina state law. As such, they are each

currently subject to the premises restrictions contained in N.C. General Statute § 14-208.18. With limited exceptions, § 14-208.18(a) restricts Plaintiffs from knowingly being present at any of the following locations:

> (1) On the premises of any place intended primarily for the use, care, or supervision of minors, including, but not limited to, schools, children's museums, child care centers, nurseries, and playgrounds.
>
> (2) Within 300 feet of any location intended primarily for the use, care, or supervision of minors when the place is located on premises that are not intended primarily for the use, care, or supervision of minors, including, but not limited to, places described in subdivision (1) of this subsection that are located in malls, shopping centers, or other property open to the general public.
>
> (3) At any place where minors gather for regularly scheduled educational, recreational, or social programs.

N.C. Gen. Stat. § 14-208.18(a) (2011).

Plaintiffs contend that they are unsure of the extent of § 14-208.18's proscriptions, even after they have sought clarity and more specific guidance from law enforcement officials and prosecutors. Further, to the extent that § 14-208.18 does clearly prohibit certain activities, Plaintiffs claim that those prohibitions constitute "undue restrictions on constitutionally protected activity," such as "the freedom of religion, freedom of association, freedom to raise one's children, and freedom of speech." (Compl. [Doc. #1] ¶ 89.) Specifically, Plaintiffs claim that § 14-208.18 precludes them from attending worship services (because most churches have minor members and a Sunday school or day care area), going to the hospital (due to the presence of children's units and day care centers), and protesting on the steps of the General Assembly (because children's groups regularly enter the building for educational programs and the General Assembly is across the street from a museum with children's programs). In addition, they

2

contend that § 14-208.18 precludes them from participating in organized recreational activities (because such activities often take place at locations where youth recreational activities also occur) or taking classes at universities and community colleges (due to minors regularly attending educational programs at institutes of higher learning). Plaintiffs also claim that those subject to § 14-208.18 are severely burdened in their ability to work (because the work itself must not be in any place within the zones proscribed by § 14-208.18, and must not require the employee to ever enter those zones) and to travel (due to overlapping "off-limits" zones under § 14-208.18, which can "render[ ] the simple act of going to work or walking down a public street a legal minefield"). In addition, Plaintiffs contend that those subject to § 14-208.18 are severely limited in their ability to associate with others (because participation in any social group with minor members, or any social group that meets at or near a place used by minors, is proscribed, regardless of whether minors are present or not) and to participate in the education and social life of their own children (though Plaintiffs acknowledge that § 14-208.18 allows a registrant to go to his child's school, the allowance is only for parent-teacher conferences or upon specific request by the school principal, so long as notice is given before the registrant enters the location and so long as the registrant is "under supervision").

In this lawsuit, Plaintiffs claim that § 14-208.18 is facially overbroad and unconstitutionally vague, in violation of their rights under the First, Fifth and Fourteenth Amendments of the U.S. Constitution. (Compl. [Doc. #1] ¶ 108-13.) They also claim that § 14-208.18 violates their due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution. Id. ¶ 114-17.

## II. PLAINTIFFS' MOTION TO PROCEED UNDER FICTITIOUS NAMES

In considering Plaintiffs' request to proceed under fictitious names, the Court begins with the "customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981); see also Fed. R. Civ. P 10(a) (providing that a complaint "must name all the parties"). However, there are occasions in which the concerns of a party seeking anonymity overcome the general presumption of open trials. James v. Jacobson, 6 F.3d 233, 242 (4th Cir. 1993) ("Federal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity."). Whether or not to allow a party to proceed under a fictitious name is a discretionary determination made by the district court. Id. at 242.

The Fourth Circuit has enumerated five factors for district courts to consider in evaluating a request for a party to proceed under a pseudonym:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and,
>
> (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 238. This list of factors is not intended to be exhaustive. Doe v. Merten, 219 F.R.D. 387,

392 n.14 (E.D. Va. 2004) (citing Jacobson, 6 F.3d at 238 (listing the five factors after stating "*[a]mong* [the factors] are the following that have relevance to this case" (emphasis added)).

In considering the Jacobson factors as a whole, this Court finds that the factors weigh in favor of granting Plaintiffs' Motion to Proceed Under Fictitious Names. First, Plaintiffs have alleged that the statute at issue interferes impermissibly with a variety of rights guaranteed by the First Amendment. Rights of this nature are traditionally considered "sensitive and highly personal" privacy interests. See Doe v. Pittsylvania Cnty, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012) ("[R]eligion is a 'quintessentially private matter.'") (quoting Stegall, 653 F.2d at 186). In addition, Plaintiffs bring this action against a governmental party, which weighs in favor of anonymity. Id. at 730 (quoting Merten, 219 F.R.D. at 394). Furthermore, this anonymity request presents very little risk of unfairness to the Defendants. Under the terms of Plaintiffs' proposed protective order, which Defendants do not oppose, Defendants will have access to Plaintiffs' identities for purposes of pursuing this litigation. In addition, Defendants do not identify any harm they will suffer if the Court grants Plaintiffs' Motion to Proceed Under Fictitious Names, nor do they oppose the motion. After considering the aforementioned circumstances and balancing them with the circumstances that weigh against Plaintiffs' motion (Plaintiffs' ages and the fact that their identities are already public, insofar as they are available on North Carolina's sex offender registry), the Jacobson factors on the whole counsel granting Plaintiffs' Motion to Proceed Under Fictitious Names.

For good cause shown, Plaintiffs' Motion to Proceed Under Fictitious Names [Doc. #5] is GRANTED. IT IS THEREFORE ORDERED that:

1. All documents filed with the Court which contain the names of Plaintiffs or information which identifies Plaintiffs or their family members, directly or indirectly, shall be filed under seal. In all publicly filed documents, Plaintiffs shall be identified only by their pseudonyms.

2. If requested to do so, Plaintiffs' counsel shall disclose the names of Plaintiffs to counsel for Defendants.

3. Defense counsel may disclose the identities of Plaintiffs to the named defendants, their employees, and experts retained in this case, but only to the minimum extent necessary to litigate this action.

4. Individuals to whom disclosure of Plaintiffs' identities is made shall not further disclose that information to any other person without first obtaining confirmation from Defendants' counsel that such disclosure is necessary to litigate this action.

5. Any person to whom disclosure is made as a result of this litigation shall first read this Order prior to having access to the identities of Plaintiffs. Counsel for Defendants shall ensure that all persons to whom disclosure is made pursuant to paragraphs 3 and 4 are aware of this Order.

6. Under no circumstances shall any person disclose Plaintiffs' names to the media without the consent of counsel for the Plaintiff whose name is to be disclosed.

7. If any specific issues related to non-disclosure of Plaintiffs' identities arise during

the course of litigation, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

This, the 3rd day of January, 2014.

/s/ James A. Beaty
United States District Judge